NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2025 IL App (4th) 4240417-U

NO. 4-24-0417

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 30, 2025
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Peoria County |
| MARQUIESE D. TALLEY, | ) | No. 20CF425 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John P. Vespa, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Zenoff and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court vacated defendant's sentence for aggravated criminal sexual assault and remanded for a new sentencing hearing on that offense, concluding defendant was provided ineffective assistance when his trial counsel erroneously conceded that he was subject to a mandatory term of natural life imprisonment.

¶ 2    Following a bench trial, defendant, Marquiese D. Talley, was found guilty of aggravated criminal sexual assault (720 ILCS 5/11-1.30(a)(8) (West 2020)) and armed robbery (*id.* § 18-2(a)(2)) and sentenced, respectively, to consecutively imposed prison terms of natural life and 40 years. Defendant appeals, arguing this court should vacate his sentence for aggravated criminal sexual and remand for a new sentencing hearing on that offense because his trial counsel provided ineffective assistance by erroneously conceding he was subject to a mandatory term of natural life imprisonment. For the reasons that follow, we agree and vacate defendant's sentence for aggravated criminal sexual assault and remand for a new sentencing hearing on that offense.

¶ 3                                    I. BACKGROUND

¶ 4          In August 2020, a grand jury returned an indictment charging defendant with, *inter alia*, aggravated criminal sexual assault (*id.* § 11-1.30(a)(8)), and armed robbery (*id.* § 18-2(a)(2)). With respect to the charge of aggravated criminal sexual assault, the indictment alleged, on or about July 9, 2020, defendant knowingly committed an act of sexual penetration with A.L. through the use of force or threat of force while displaying a firearm.

¶ 5          The matter proceeded to a bench trial in January 2024. The State presented evidence of a sexual assault and armed robbery occurring during the early morning hours of July 9, 2020. Based upon the evidence presented, the trial court found defendant guilty of both aggravated criminal sexual assault and armed robbery. The court also specifically found defendant possessed a firearm during the incident.

¶ 6          In March 2024, the trial court held a sentencing hearing. The court received information indicating in late 2021, defendant was convicted in Peoria County case No. 20-CF-426 of aggravated criminal sexual assault for an assault occurring on June 27, 2020. See *People v. Talley*, 2023 IL App (4th) 221013, ¶ 1 (affirming on direct review). The court believed, based upon this prior conviction, it was required, under section 11-1.30(d)(2) of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/11-1.30(d)(2) (West 2020)), to sentence defendant to a term of natural life imprisonment for the aggravated criminal sexual assault committed in this case. Both the State and defendant's trial counsel agreed with the court's assessment, resulting in the court imposing a term of natural life imprisonment. As for the offense of armed robbery, the court sentenced defendant to 40 years' imprisonment, which included a 15-year sentencing enhancement, to be served consecutively to his sentence for aggravated criminal sexual assault.

¶ 7          This appeal followed.

¶ 8                                    II. ANALYSIS

¶ 9            On appeal, defendant argues this court should vacate his sentence for aggravated

criminal sexual assault and remand for a new sentencing hearing on that offense because his trial

counsel provided ineffective assistance by erroneously conceding he was subject to a mandatory

term of natural life imprisonment. The State agrees.

¶ 10          "Every defendant has a constitutional right to the effective assistance of counsel

under the sixth amendment to the United States Constitution and the Constitution of Illinois."

*People v. Domagala*, 2013 IL 113688, ¶ 36 (citing U.S. Const., amends. VI, XIV; Ill. Const. 1970,

art. I, § 8). Claims of ineffective assistance of counsel are analyzed under the two-pronged test set

forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *People v. Gayden*, 2020 IL 123505,

¶ 27. To prevail on a claim of ineffective assistance, a defendant must show both: (1) "counsel's

performance was objectively unreasonable under prevailing professional norms" and (2) "there is

a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different.' " *Domagala*, 2013 IL 113688, ¶ 36 (quoting *Strickland*, 466 U.S. at

694).

¶ 11          Section 11-1.30(d)(2) of the Criminal Code (720 ILCS 5/11-1.30(d)(2) (West

2020)) mandates a sentence of natural life imprisonment for an adult defendant who commits a

second or subsequent offense of aggravated criminal sexual assault. Section 11-1.30(d)(2) states,

"The commission of the second or subsequent offense is required to have been after the initial

conviction for this paragraph (2) to apply." *Id.*

¶ 12          In this case, defendant was convicted of a second offense of aggravated criminal

sexual assault. Defendant committed the first offense on June 27, 2020, and the second, instant

offense on July 9, 2020. Defendant was not, however, *convicted* of the first offense of aggravated

criminal sexual assault when he committed the second offense. Therefore, under the plain language of section 11-1.30(d)(2), defendant was not subject to a mandatory term of natural life imprisonment for committing the offense in this case because he was not convicted of the first offense of aggravated criminal sexual assault when he committed the second offense.

¶ 13 Defendant's trial counsel—along with the State—agreed with the trial court's assessment that section 11-1.30(d)(2) required the court to sentence defendant to a term of natural life imprisonment for having committed the offense of aggravated criminal sexual assault in this case, which resulted in the court imposing such a sentence. Counsel agreeing defendant was subject to an inapplicable sentencing scheme falls below the minimal professional standards and constitutes constitutionally deficient performance. Furthermore, counsel's constitutionally deficient performance prejudiced defendant because, but for counsel's agreement, there is a reasonable probability the court would not have imposed a mandatory term of natural life imprisonment where no other basis for such a sentence exists. Accordingly, we conclude defendant was provided ineffective assistance when his trial counsel erroneously conceded that he was subject to a mandatory term of natural life imprisonment.

¶ 14 III. CONCLUSION

¶ 15 We vacate defendant's sentence for aggravated criminal sexual assault and remand for a new sentencing hearing on that offense.

¶ 16 Vacated; cause remanded.